UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA ARRINGTON and<br>TERRY SCOTT, individually and<br>on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPTIMUM HEALTHCARE IT, LLC,<br><br>Defendant. | Civil Action No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Andrea Arrington ("Arrington") and Terry Scott ("Scott") (collectively "Plaintiffs") through their undersigned counsel, individually and on behalf of all others similarly situated, file this Collective and Class Action Complaint against Defendant Optimum Healthcare IT, LLC ("Defendant" or "Optimum"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania, New York, and Massachusetts state law. Plaintiffs allege that they and other similarly situated consultants did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.   Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiffs' Pennsylvania, New York, and Massachusetts state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

1

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since a substantial part of the events giving rise to Plaintiffs' claims occurred within this District, and Optimum conducts business in this judicial district. Specifically, both Plaintiff Arrington and Plaintiff Scott performed work for Optimum at Thomas Jefferson University Hospital in Philadelphia, Pennsylvania.

## PARTIES

3. Plaintiff Andrea Arrington is an individual residing in South Euclid, Ohio. Arrington worked for Defendant as a consultant providing support and training in using a new recordkeeping system for Defendant's clients in Massachusetts, Oregon, Washington, Illinois, South Carolina, Oklahoma, New York, Connecticut, and Pennsylvania between May 2014 and December 2016. Pursuant to 29 U.S.C. § 216(b), Arrington has consented in writing to participate in this action. *See* Exhibit A.

4. Plaintiff Terry Scott is an individual residing in Cleveland, Ohio. Scott worked for Defendant as a Consultant providing support and training in using a new recordkeeping system for Defendant's clients in Texas, North Carolina, New York, Oklahoma, Massachusetts, Rhode Island, Connecticut and Pennsylvania between December 2012 and December 2016. Pursuant to 29 U.S.C. § 216(b), Scott has consented in writing to participate in this action. *See* Exhibit B.

5. Defendant Optimum Healthcare IT, LLC ("Defendant" or "Optimum") is a Florida corporation providing information technology educational services for the healthcare industry across the country. Optimum maintains its corporate headquarters in Jacksonville, Florida.

6. Optimum employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that

have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7. Optimum's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

8. Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential FLSA opt-in litigants:

> All individuals who performed consulting work for Optimum Healthcare IT, LLC ("Defendant" or "Optimum") in the United States, from September 1, 2014 to the present ("FLSA Class").

9. Plaintiffs bring Count II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All individuals who performed consulting work for Optimum Healthcare IT, LLC ("Defendant" or "Optimum") in the state of Pennsylvania from September 1, 2014 to the present ("Pennsylvania Class").

10. Plaintiffs bring Count III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All individuals who performed consulting work for Optimum Healthcare IT, LLC ("Defendant" or "Optimum") in the state of New York from September 1, 2011 to the present (New York Class).

11. Plaintiff Arrington brings Count IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All individuals who performed consulting work for Optimum Healthcare IT, LLC ("Defendant" or "Optimum") in the state of Massachusetts from September 1, 2014 to the present ("Massachusetts Class").

12. The FLSA Class, Pennsylvania Class, New York Class, and Massachusetts Class are together referred to as the "Classes."

13. Plaintiffs reserve the right to re-define any of the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14. As a leading healthcare information technology firm, Optimum provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems. Optimum employs consultants, such as Plaintiffs, who perform such training and support services throughout the United States.

15. Optimum's financial results are significantly driven by the number of consultants providing training and support services for Optimum's customers and the fees that Optimum charges the customers for these services.

16. Between approximately May 2014 and December 2016, Arrington worked as a consultant for Optimum and was assigned to work at Thomas Jefferson University Hospital in Philadelphia, Pennsylvania, which is located within this judicial district, as well as in Massachusetts, Oregon, Washington, Illinois, South Carolina, Oklahoma, Connecticut, and New York.

17. Between December 2012 and December 2016, Scott worked as a consultant for Optimum and was assigned to work at Thomas Jefferson University Hospital in Philadelphia, Pennsylvania, located within this judicial district, as well as in New York, Texas, North Carolina, Oklahoma, Massachusetts, Connecticut and Rhode Island.

18. Plaintiffs were paid solely on an hourly basis and were paid only straight time for the hours they worked.

**Plaintiffs Routinely Worked in Excess of 40 Hours a Week**

19. Plaintiffs and Members of the Classes routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

20. Plaintiffs and Members of the Classes were often required to work twelve (12) hours a day, seven (7) days a week.

21. For example, while working at Montefiore Medical Center in Bronx, New York in June 2016, Arrington worked 12 hours a day, 7 days a week. Approximately 200-250 other Optimum consultants were assigned to this project, and followed a similar schedule. Arrington was paid only a straight hourly rate during this time.

22. Although Plaintiffs and Members of the Classes frequently were required, permitted, or encouraged to work more than forty (40) hours per week, Optimum failed to pay them one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and Pennsylvania, New York and Massachusetts law.

23. Instead, Plaintiffs and Members of the Classes were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week. Plaintiffs and Members of the Classes were not paid on a salary basis.

**Plaintiffs are not Exempt as "Computer Employees" under the FLSA**

24. Plaintiffs and Class Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiffs have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. For example, Plaintiff Arrington has a background as a hemodialysis practitioner. Plaintiffs and Class Members were not working as, nor were they

5

similarly skilled as, computer systems analysts, computer programmers or software engineers, as defined in 29 C.F.R. § 541.400(a).

25. Plaintiffs' and Class Members' primary duties consisted of training and aiding healthcare staff with using new electronic recordkeeping software. This support is also known as "at the elbow". Plaintiffs' and Class Members' primary duties did not include the higher skills of "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Class Members did not analyze, consult or determine hardware, software programs or any system functional specifications for Optimum's clients. *See id.*

26. Plaintiffs and Class Members did not consult with Optimum customers to determine or recommend hardware specifications. Plaintiffs and Class Members did not design, develop, document, analyze, create, test or modify a computer system or program as defined in 29 C.F.R. § 541.400(b)(2).

27. While Plaintiffs' and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Class Members provided support and training to Optimum's clients in using electronic recordkeeping systems.

**Optimum Willfully Violated the FLSA**

28. Optimum and its senior management had no reasonable basis to believe that Plaintiffs and the members of the FLSA Class were exempt from the requirements of the FLSA. Rather, Optimum either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay overtime to Plaintiffs and the FLSA Class. Such willfulness is

demonstrated by, or may be reasonably inferred from, Optimum's actions and/or failures to act, including the following:

  a. At all times relevant hereto, Optimum maintained payroll records which reflected the fact that Plaintiffs and the FLSA Class did, in fact, regularly work in excess of 40 hours per week, and thus, Optimum had actual knowledge that Plaintiffs and the FLSA Class worked overtime;

  b. At all times relevant hereto, Optimum knew that it did not pay Plaintiffs and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

  c. As evidenced by its own job offer letters, independent contractor agreements, employment agreements, and training materials for consultants, at all times relevant hereto, Optimum was aware of the nature of the work performed by its consultants, and, in particular, that these individuals worked exclusively at-the-elbow of healthcare workers employed by Optimum's clients, providing basic training and support;

  d. As evidenced by its own job offer letters, employment agreements, and training materials for consultants, Optimum knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

  e. At all times relevant hereto, Optimum was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a

      computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

    f. Optimum lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Optimum deliberately misclassified its consultants as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

    g. At all times relevant hereto, Optimum was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

    h. Thus, Optimum had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as independent contractors.

29. Based upon the foregoing, Optimum was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiffs bring this Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the class defined above.

31. Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

32. Plaintiffs and the FLSA Class Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked pursuant to Optimum's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been paid the full and legally

mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Optimum's common misclassification, compensation and payroll practices.

33. Specifically, Optimum did not compensate Plaintiffs and the FLSA Class one-and-a-half (1 ½) times the regular rate for hours worked over forty (40) in a workweek.

34. The similarly situated employees are known to Optimum, are readily identifiable, and can easily be located through Optimum's business and human resources records.

35. Optimum employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

36. Plaintiffs bring Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Pennsylvania Class defined above.

37. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

38. Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

39. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Optimum has violated and continues to violate Pennsylvania law through its policy or practice of not paying its hourly workers overtime compensation.

40. Plaintiffs' claims are typical of the claims of the Pennsylvania Class Members in the following ways, without limitation: (a) Plaintiffs are members of the Pennsylvania Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff s' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class Members.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class Members.

42. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class Members are readily identifiable from Optimum's own records. Prosecution of separate actions by individual

members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Optimum.

43. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Optimum.

44. Without a class action, Optimum will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Pennsylvania Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## NEW YORK CLASS ACTION ALLEGATIONS

45. Plaintiffs bring Count III of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the New York Class, as defined above.

46. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New York Class.

47. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

48. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class Members, including,

without limitation: whether Optimum has violated and continues to violate New York law through its policy or practice of not paying its hourly workers overtime compensation.

49. Plaintiffs' claims are typical of the claims of the New York Class in the following ways: (1) Plaintiffs are members of the New York Class; (2) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class; (3) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (4) there are no conflicts between the interests of Plaintiffs and the New York Class Members; and (5) the injuries suffered by Plaintiffs are similar to the injuries suffered by the New York Class Members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class members.

51. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from Optimum's own records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

52. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against Optimum. Without a class action, Optimum will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

53. Plaintiff Arrington brings Count IV of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Massachusetts Class defined above.

54. The members of the Massachusetts Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Massachusetts Class.

55. Plaintiff Arrington will fairly and adequately represent and protect the interests of the Massachusetts Class because there is no conflict between the claims of Plaintiff Arrington and those of the Massachusetts Class, and Plaintiff Arrington's claims are typical of the claims of the Massachusetts Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

56. There are questions of law and fact common to the proposed Massachusetts Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Optimum has violated and continues to violate Massachusetts law through its policy or practice of not paying its hourly workers overtime compensation.

57. Plaintiff Arrington's claims are typical of the claims of the Massachusetts Class Members in the following ways, without limitation: (a) Plaintiff Arrington is a member of the

Massachusetts Class; (b) Plaintiff Arrington's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Massachusetts Class; (c) Plaintiff Arrington's claims are based on the same legal and remedial theories as those of the Massachusetts Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Arrington and the Massachusetts Class Members; and (e) the injuries suffered by Plaintiff Arrington are similar to the injuries suffered by the Massachusetts Class Members.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over any questions affecting only individual Class Members.

59. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Massachusetts Class Members are readily identifiable from Optimum's own records. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying adjudications with respect to individual Massachusetts Class Members that would establish incompatible standards of conduct for Optimum.

60. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for

many of the Massachusetts Class Members, while substantial, are not great enough to enable them to maintain separate suits against Optimum.

61.     Without a class action, Optimum will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Arrington and the Massachusetts Class. Plaintiff Arrington envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiffs and the FLSA Class Members)**

62.     All previous paragraphs are incorporated as though fully set forth herein.

63.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

64.     Optimum is subject to the wage requirements of the FLSA because Optimum is an employer under 29 U.S.C. § 203(d).

65.     During all relevant times, Optimum has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

66.     During all relevant times, Plaintiffs and the FLSA Class Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

67.     Plaintiffs and the FLSA Class Members are not exempt from the requirements of the FLSA.

68.     Plaintiffs and the FLSA Class Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

69. Optimum, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Class Members for all their overtime hours worked by misclassifying Plaintiffs and the FLSA Class as independent contractors, thereby exempting them from the requirements of the FLSA.

70. Optimum knowingly failed to compensate Plaintiffs and the FLSA Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

71. In violating the FLSA, Optimum acted willfully and with reckless disregard of clearly applicable FLSA provisions.

72. In violating the FLSA, on information and belief, Optimum did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
## Violation of the Pennsylvania Minimum Wage Act
## (Brought on Behalf of Plaintiffs and the Pennsylvania Class)

73. All previous paragraphs are incorporated as though fully set forth herein.

74. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

75. Optimum is subject to the overtime requirements of the PMWA because Optimum is an employer under 43 P.S. § 333.103(g).

76. During all relevant times, Plaintiffs and the Pennsylvania Class members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

77. Optimum's compensation scheme that is applicable to Plaintiffs and Pennsylvania Class members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

78. The PMWA does not contain an exemption from overtime pay for any type of computer employees. *See* 43 P.S. § 333.105.

79. Optimum failed to compensate Plaintiffs and Pennsylvania Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

80. Pursuant to 43 P.S. § 333.113, employers, such as Optimum, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
## Violation of New York Minimum Wage Act
## (On Behalf of Plaintiffs and the New York Class)

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Overtime compensation due to New York workers is governed by New York Labor Law ("NYLL"), N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

83. NYLL requires that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

84. NYLL requires that resident employees be compensated for all hours worked in excess of forty-four (44) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

85. Optimum is subject to the wage requirements of the NYLL because Optimum is an "employer" under N.Y. LAB. LAW § 651(6).

86. During all relevant times, Plaintiffs and the New York Class are covered employees entitled to the above-described NYLL's protections. *See* N.Y. LAB. LAW § 651(5) and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14.

87. Plaintiffs and the New York Class are not exempt from the requirements of the NYLL.

88. Optimum is required by NYLL to pay Plaintiffs and the New York Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours for non-residents and forty-four (44) hours for residents pursuant to N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

89. Optimum violated Plaintiffs' and New York Class Members' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay their regular rate of pay to which they are entitled under N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

90. In violating the NYLL, Optimum acted willfully and with reckless disregard of clearly applicable NYLL provisions.

**COUNT IV**
**Violation of Massachusetts Wage Laws**
**(Brought on Behalf of Plaintiff Arrington and the Massachusetts Class)**

91. All previous paragraphs are incorporated as though fully set forth herein.

92. The Massachusetts Overtime Law does not contain an exemption from overtime pay for any type of computer employees. *See* Mass. Gen. L. c. 151 § 1A.

93. Defendant's conduct, as set forth above, in failing to pay Plaintiff Arrington and

class members overtime wages which they earned as a result of their employment violates the Massachusetts overtime law, Mass. Gen. L. c. 151 §§ 1, 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

94.  Pursuant to the requirements of Mass. Gen. L. c. 149, § 150, Plaintiff Arrington has filed an administrative complaint with the office of the Massachusetts Attorney General. The Attorney General's office issued a right to sue letter on August 22, 2017.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Classes:

a.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Class;

e.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Massachusetts Class;

f.  Back pay damages for unpaid overtime compensation and prejudgment interest to the fullest extent permitted under the law;

g.  Liquidated and exemplary damages to the fullest extent permitted under the law;

    h.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    i.    Such other and further relief as this Court deems just and proper.

Dated: September 1, 2017

Respectfully submitted,

*/s/ Eric Lechtzin*

Sarah R. Schalman-Bergen (PA 206211)
Eric Lechtzin (PA 62096)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
elechtzin@bm.net
cfundora@bm.net

Harold Lichten (Mass. BBO # 549689)*
Olena Savytska (Mass. BBO # 693324)*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

David M. Blanchard (MI P#67190)*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

*Attorneys for Plaintiff
and the Proposed Classes*

* *Pro Hac Vice* anticipated