# Exhibit 1

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANDREA ARRINGTON,<br>TERRY SCOTT, LAKINA TAYLOR,<br>and JARMOND JOHNSON,<br>individually and on behalf of all others<br>similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br>OPTIMUM HEALTHCARE IT, LLC,<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2: 17-cv-03950-RBS |

## SETTLEMENT AGREEMENT

1.      This Settlement Agreement (the "Settlement Agreement" or "Settlement") is entered into between Plaintiffs Andrea Arrington, Terry Scott, Lakina Taylor, and Jarmond Johnson (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class defined below, and Defendant Optimum Healthcare IT, Inc. ("Optimum" or "Defendant"), subject to the approval of the Court. Plaintiffs and Defendant are referred to collectively as the "Parties."

## RECITALS

2.      Plaintiffs Andrea Arrington and Terry Scott (the "Original Plaintiffs") filed a Class and Collective Action Complaint in the United States District Court for the Eastern District of Pennsylvania on September 1, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and laws of Pennsylvania, New York and Massachusetts. (ECF No. 1.)

3.      Optimum represents that as of approximately December 1, 2017, as a result of the filing of this lawsuit, it reclassified all individuals who work in positions held by Settlement Class Members from independent contractors to employees.

4.      On December 17, 2017, the Original Plaintiffs and Defendant submitted a stipulation and proposed order to the Court requesting the Court's approval to participate in private mediation and for a stay of proceedings. The Court approved the request on December 19, 2017. (ECF No. 30.)

5.      On February 28, 2018, the Parties participated in a full day in-person mediation before an experienced mediator, Magistrate Judge Diane M. Welsh (Ret.) of JAMS Philadelphia.

1

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

Prior to the mediation, Defendant provided Class Counsel (defined below) with electronic time and payroll records for the Settlement Class, which Class Counsel reviewed and analyzed. Class Counsel also engaged in an intensive effort to conduct detailed interviews of Plaintiffs and many Settlement Class Members.

6.      On March 19, 2018, Plaintiffs filed a First Amended Collective and Class Action Complaint ("Amended Complaint") asserting additional Rule 23 state law classes. The Amended Complaint includes class representatives for asserted Rule 23 state law classes for Pennsylvania, New York, Massachusetts, California, Connecticut, Illinois, North Carolina, Washington, and New Jersey.

7.      As a result of the Parties' mediation, the Parties agreed to settle this case according to the terms of this Settlement Agreement.

8.      Class Counsel have made a thorough and independent investigation of the facts and law relating to the allegations in the Amended Complaint. Plaintiffs and their Counsel have considered: (a) the facts asserted in the Amended Complaint and obtained pursuant to the ADR-related discovery process prior to the mediation, and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Optimum; (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement; and (d) Optimum's financial condition, including based on confidential financial information that was provided by Optimum to Class Counsel during the mediation process. Based upon all this information, Plaintiffs and their Counsel have concluded that the terms of the Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiffs, the Opt-in Plaintiffs and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth herein.

9.      Optimum denies the allegations in the Amended Complaint and that it misclassified any person who worked for Defendant. Optimum denies any liability for the alleged failure to pay overtime compensation. Optimum is entering this Agreement for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Optimum of any fault, liability or wrongdoing, which Optimum expressly denies.

10.     The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as the Court's approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Effective Date is reached.

11.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met with respect to the Settlement Class defined below.

12.     In consideration of the foregoing, IT IS HEREBY AGREED, by and between the Parties, subject to the final approval of the Court, that the claims set forth in the Amended

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

Complaint against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, pursuant to the terms and conditions set forth below.

## DEFINITIONS

13.     The following terms shall have the meanings ascribed to them below:

a.      "Action" means the above captioned litigation.

b.      "CAFA Notice" means the notice to be sent by Defendant's Counsel to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court. A copy of the CAFA Notice shall be provided to Class Counsel.

c.      "Class Counsel" means the undersigned counsel for Berger & Montague, P.C., Lichten & Liss-Riordan, P.C., and Blanchard & Walker PLLC.

d.      "Claim Deadline" means sixty (60) days after the date of the initial mailing of the Notice of Settlement (defined below).

e.      "Claim Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

f.      "Court" means the United States District Court for the Eastern District of Pennsylvania.

g.      "Covered States" means Pennsylvania, New York, Massachusetts, California, Connecticut, Illinois, North Carolina, Washington, and New Jersey.

h.      "Defendant" means Optimum Healthcare IT, Inc.

i.      "Defendant's Counsel" means Littler Mendelson, PC.

j.      "Eligible Class Member" means: (i) Plaintiffs and all existing Opt-In Plaintiffs (who do not have to submit a Claim Form in order to be eligible, as they have already opted in to the litigation); and (ii) all Settlement Class Members who return a valid Claim Form.

k.      "Effective Date" means the first business day after the Court's Final Approval Order becomes Final (*i.e.*, 30 days after the Final Approval Order is issued if there is no appeal).

l.      "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

m.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

3

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

n.      "Gross Settlement Amount" means the non-reversionary cash amount of Four Million and Nine Hundred Thousand Dollars ($4,900,000.00). The Gross Settlement Amount is exclusive of Optimum's share of the payroll taxes applicable to any portion of the Gross Settlement Amount.

o.      "Named Plaintiffs" or "Plaintiffs" mean Andrea Arrington, Terry Scott, Lakina Taylor, and Jarmond Johnson.

p.      "Net Settlement Amount" means the Gross Settlement Amount defined above less: (i) $7,500 for each of the four Named Plaintiffs for their efforts in bringing and prosecuting this matter ("Service Awards"); (ii) Class Counsel's attorneys' fees not to exceed one-third (1/3) of the Gross Settlement Amount; and (iii) Class Counsel's out-of-pocket costs, including with respect to administering this Settlement, all subject to the Court's approval.

q.      "Notice of Settlement" means the Notice of Class Action and Collective Action Settlement substantially in the form attached hereto as Exhibit A or as approved by the Court.

r.      "Opt-In Plaintiffs" means individuals who as of the date of the Preliminary Approval Order already filed an Opt-In Consent Form with the Court in this litigation.

s.      "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms of this Settlement Agreement.

t.      "Releasees" means Optimum and its present, former and future parent companies, subsidiaries, and affiliates, and its past, present and future shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, and each of them.

u.      "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Settlement Agreement.

v.      "Settlement Class" or "Settlement Class Member" means the following group (which includes the Named Plaintiffs and Opt-In Plaintiffs):

> all persons who while performing Go-Live consulting work for Optimum in the United States worked over 40 hours in any workweek between August 31, 2014 and December 1, 2017 (or between August 31, 2011 to December 1, 2017 if the work was performed in New York, or between August 31, 2013 to December 1, 2017 if the work was performed in California) (together these periods are referred to collectively as the "Class Period").

## RELEASES

4

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

14.     Upon the Effective Date, Plaintiffs and all Eligible Class Members shall release and discharge Releasees from any and all wage and hour claims, as well as all unpaid overtime allegations and causes of action asserted, or that could have been asserted in Plaintiffs' Amended Complaint based upon the facts asserted, for work performed for Optimum during the Class Period, including claims under the Fair Labor Standards Act, claims for liquidated or other damages, unpaid costs, restitution, or other compensation or relief arising under any state law, state wage law, state wage payment law, state minimum wage law, local law, local wage law, local wage payment law, local minimum wage law, and any other wage payment or wage and hour law, or state common law claims (including unjust enrichment or quantum meruit) that arose during the Class Period. In addition, all Settlement Class Members who performed work for Optimum in the Covered States shall release all wage and hour and unpaid overtime claims arising out of state wage and hour statutes and all other state law claims that are or could have been asserted in the Amended Complaint under the laws of the Covered States.

15.     Settlement Class Members who possess corporate or similar entities that performed consulting work for Optimum during the Class Period shall also release the Settlement Class Members' Released Claims on behalf of the corporate or other entity, and all of its current and former principals, officers, directors, owners, employees, and anyone else acting or working on behalf of the entity.

## NOTICE OF SETTLEMENT

16.     Within ten (10) business days after the Court's Preliminary Approval Order, Optimum shall provide Class Counsel in electronic form for all Settlement Class Members, their names, current or most recent addresses, telephone numbers, email addresses, and social security numbers, as that information exists in Optimum's records (the "Class List").

17.     Within ten (10) business days after receipt of the Class List, Class Counsel shall prepare and send the Notice of Settlement and Claim Form (Exhibits A and B) to all Settlement Class Members by U.S. First Class Mail with an enclosed, postage-paid return envelope, and shall also deliver the Notice of Settlement and Claim Form by email with the ability for Settlement Class Members to return the Claim Form utilizing DocuSign or a similar electronic signature service. Prior to mailing, Class Counsel shall use the National Change of Address Database to update any addresses. Any Notices returned undeliverable shall be skip-traced (using the person's social security number) to attempt to obtain a new address and shall be re-mailed by U.S. First Class Mail to any new addresses that are found. A reminder Notice Package and reminder email shall be sent by Class Counsel 30 days after the initial mailing to those who have not yet submitted a Claim Form.

18.     To the extent any mailed Notice is returned as undeliverable, such person shall be permitted at least thirty (30) days from any re-mailing of the Notice to submit their Claim Form, but in no event later than thirty (30) days after the Claim Deadline.

19.     The Notice of Settlement and Claim Form shall state that Settlement Class Members must return their completed Claim Form to Class Counsel by the Claim Deadline. The Parties, however, agree to accept any late-returned Claim Forms if they are returned within thirty (30) days after the Claim Deadline.

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

20.     All Eligible Class Members shall receive a *pro rata* share of the Net Settlement Amount based upon the following objective formula that takes into account their tenure and payroll records during the Class Period:

        i.     For each overtime hour worked during the Class Period, each Eligible Class Member shall receive one (1) settlement share, except that, in recognition of the greater legal protections provided by Massachusetts and California laws that provide for greater damages than in other states, for each overtime hour worked in Massachusetts and California, each Eligible Class Member shall receive one and a half (1.5) settlement shares.

        ii.     The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine each Eligible Class Member's Settlement Award.

21.     Defendant will not take any adverse or retaliatory action against any Settlement Class Member on the grounds that he or she is eligible to participate or does participate in the Settlement in any way, and shall not discourage any Settlement Class Member from participating.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

22.     The Notice of Settlement shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Claim Deadline, mail to Class Counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Notice of Settlement. Specifically, any objection must be signed personally by the actual Settlement Class Member making the objection, and must include their name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served on Class Counsel and Defendant's Counsel at least two weeks before the Final Approval Hearing. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely submitted. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

23.     The Notice of Settlement shall provide that Settlement Class Members who worked in the Covered States and who wish to exclude themselves from the Settlement ("opt out") must mail to Class Counsel a written request for exclusion indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, email address (if applicable), and last four digits of their social security number, and must be signed individually by the Settlement Class Member. No opt-out request may be made on behalf of a group. Such written request for exclusion must be postmarked by the Claim Deadline in order to be valid.

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

## DISTRIBUTION OF SETTLEMENT FUNDS

24.     Optimum shall wire the Gross Settlement Amount to an escrow account chosen by Class Counsel within five (5) business days after the Effective Date. Class Counsel's attorneys' fees, costs, and service awards that are approved by the Court shall be paid within ten (10) business days after the Effective Date. There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time.

25.     Subject to the Court's Final Approval Order, each of the Named Plaintiffs shall receive a service award of $7,500 for their efforts in bringing and prosecuting this matter in addition to any Settlement Award they are entitled to receive, and shall be issued a Form 1099 for this payment. The Service Awards will be paid from the Gross Settlement Amount.

26.     Subject to the Court's Final Approval Order, Class Counsel shall receive an award of attorneys' fees in an amount of one-third (1/3) of the Gross Settlement Amount, to compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. Class Counsel shall also receive reimbursement of their out-of-pocket costs approved by the Court.

27.     All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount calculated as set forth in Paragraph 20 above. The Named Plaintiffs and Opt-in Plaintiffs do not need to submit a Claim Form to be eligible to receive a Settlement Award, but all other Settlement Class Members must submit a valid Claim Form to be eligible to receive a Settlement Award. Settlement Award determinations shall be based on Defendant's payroll and timekeeping records. Settlement Awards to Eligible Class Members shall be made within 30 days after the Effective Date or as soon as practicable. Class Counsel shall then provide a written certification of such payments to Defendant's Counsel.

28.     All settlement payments to Eligible Class Members shall be paid via IRS Form 1099s, except for those Eligible Class Members who were characterized during the Relevant Time Period only as W-2 employees. For these individuals, 50% of their settlement payment shall be characterized as wages and recorded via W-2 and 50% shall be characterized as a Form 1099 payment, and Optimum shall provide the payroll checks for these individuals (and shall be reimbursed from the Gross Settlement Amount for these amounts).

29.     All settlement checks issued to Eligible Class Members will remain negotiable for 180 days from the date they are issued, and shall be accompanied by a cover letter when they are sent explaining as such. In the event that there any remaining funds as a result of uncashed settlement checks that are not deposited or cashed within the 180 day period, such funds shall be sent to a *cy pres* recipient agreed to by the Parties and set forth in Plaintiffs' Motion for Preliminary Approval of the Settlement.

## MISCELLANEOUS

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

30.     <u>Defendant's Legal Fees and Expenses.</u> Defendant's legal fees and expenses in this litigation shall be borne by Defendant. If the Settlement does not reach the Effective Date, then Optimum agrees to pay any costs associated with the settlement administration.

31.     <u>Interim Stay of Proceedings and Tolling Agreement.</u> The Parties agree to hold in abeyance all proceedings in the litigation, except such proceedings necessary to implement and complete the Settlement. The Parties agree that a Tolling Agreement shall apply to toll all FLSA and state law statutes of limitation applicable to all claims by any Settlement Class Member for unpaid overtime during the pendency of the settlement approval proceedings through the Effective Date in order to maintain the *status quo* during this time period.

32.     <u>Amendment or Modification.</u> This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

33.     <u>Entire Settlement Agreement.</u> This Settlement Agreement with exhibits constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Settlement Agreement. No rights hereunder may be waived except in writing.

34.     <u>Authorization to Enter Into Settlement Agreement.</u> The signatories to this Agreement warrant and represent that they are authorized to enter into this Settlement Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement and obtain the Court's approval of the Settlement.

35.     <u>Binding on Successors and Assigns.</u> This Settlement Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendant, Opt-In Plaintiffs, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

36.     <u>Counterparts.</u> This Settlement Agreement (and any Claim Forms) may be executed in one or more counterparts, including by facsimile, email or DocuSign. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

37.     <u>Cooperation and Drafting.</u> The Parties have cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of it shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Settlement Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

38.    <u>Governing Law.</u> All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania.

39.    <u>Jurisdiction of the Court.</u> The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____
Andrea Arrington                    Date: April __19__, 2018

_____
Terry Scott                         Date: April __04/2 17__, 2018

_____
Lakina Taylor                       Date: April __17__, 2018

_____
Jarmond Johnson                     Date: April __16__, 2018

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____            Date: April __, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Eric Lechtzin
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

_____            Date: April __, 2018
Harold Lichten

9

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

Date: April __, 2018

David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

DEFENDANT:

Date: April 23 2018

Optimum Healthcare IT, Inc.

APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:

Date: April 23 2018

Craig R. Benson
Littler & Mendelson, PC
900 Third Avenue
New York, NY 1002-3298

10

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

# EXHIBIT A

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA ARRINGTON, | ) | |
| TERRY SCOTT, LAKINA TAYLOR, | ) | |
| and JARMOND JOHNSON, | ) | |
| individually and on behalf of all others | ) | Civil Action No. 2:17-cv-03950-RBS |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPTIMUM HEALTHCARE IT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT

## PLEASE READ THIS NOTICE CAREFULLY.

You have received this Notice of Class Action and Collective Action Settlement (the "Notice of Settlement") because you have been identified as a Settlement Class Member in the above-captioned litigation against Defendant Optimum Healthcare IT, LLC ("Optimum") alleging the failure to pay overtime compensation. The term "Settlement Class" means:

> all persons who while performing Go-Live consulting work for Optimum in the United States worked over 40 hours in any workweek between August 31, 2014 and December 1, 2017 (or between August 31, 2011 to December 1, 2017 if the work was performed in New York, or between August 31, 2013 to December 1, 2017 if the work was performed in California) (together these periods are referred to collectively as the "Class Period").

Optimum's records identify you as a Settlement Class Member, and therefore, **you are entitled to receive money from a class action and collective action settlement in this case**, as detailed below.

| 1. | Why Should You Read This Notice of Settlement? |
|---|---|

This Notice of Settlement explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the Eastern District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2018 at _____, before the Honorable R. Barclay Surrick in Courtroom __,

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106.

| 2. | What Is This Case About? |
|---|---|

This lawsuit alleges that Settlement Class Members were not paid overtime compensation during the Class Period, including because they are alleged to have been misclassified as independent contractors. Optimum denies the allegations and denies any wrongdoing with respect to the lawsuit. However, to avoid the burden, expense and inconvenience of continued litigation, the Parties participated in mediation and concluded that it is in their best interest to resolve and settle the lawsuit by entering into a Settlement Agreement.

On _____, 2018, the United States District Court for the Eastern District of Pennsylvania preliminarily approved the Settlement Agreement as fair and reasonable and authorized that this Notice of Settlement be sent to you. The Court has not formed any opinions concerning the merits of the lawsuit, and the Court has not ruled for or against the Plaintiffs as to the merits of the claims.

To review a copy of the Settlement Agreement, or if you have any questions regarding this Notice of Settlement or the enclosed Claim Form, please contact Eric Lechtzin of Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, Telephone: (215) 875-3038, Email: elechtzin@bm.net or Olena Savytska of Lichten & Liss-Riordan, P.C., 729 Boylston St., Suite 2000, Boston, MA 02116, Telephone: (617) 994-5800, Email: osavytska@llrlaw.com.

| 3. | How Do I Receive A Settlement Award? |
|---|---|

Optimum has agreed to pay Four Million Nine Hundred Thousand Dollars ($4,900,000.00) to settle this lawsuit (the "Gross Settlement Amount"). After deductions for attorneys' fees and costs, and service awards to the Named Plaintiffs, all as detailed below, the remainder will constitute the "Net Settlement Amount" that will be available to pay monetary Settlement Awards to Eligible Class Members. The term "Eligible Class Members" means: (i) Plaintiffs and all existing Opt-In Plaintiffs (who do not have to submit a Claim Form in order to be eligible, as they have already opted in to the litigation); and (ii) all Settlement Class Members who return a valid Claim Form. Thus, if you have received this Notice of Settlement and have not yet filed an Opt-In Consent Form in the litigation, all you have to do to participate is fill out and return the enclosed Claim Form to the following address:

Attn: Optimum Overtime Settlement
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3038
Facsimile: (215) 875-4604
Email: optimum@bm.net

You must submit the enclosed Claim Form by no later than INSERT DEADLINE to receive your Settlement Award. If you already joined the case by filing an Opt-In Consent

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

Form, you do not need to do anything to receive your Settlement Award. If you have any questions, contact Class Counsel using the contact information above.

| 4. | How Are The Settlement Awards Calculated? |
|---|---|

It is estimated by Class Counsel that all Eligible Class Members will receive approximately in the range of between 45% and 90% of their unpaid overtime compensation if they participate in the Settlement, depending on the number of Eligible Class Members.

Specifically, all Eligible Class Members shall receive a *pro rata* share of the Net Settlement Amount (see prior section) based upon the following objective formula that takes into account their tenure and payroll records during the Class Period:

      i.     For each overtime hour worked during the Class Period, each Eligible Class Member shall receive one (1) settlement share, except that, in recognition of the greater legal protections provided by Massachusetts and California laws that provide for greater damages than in other states, for each overtime hour worked in Massachusetts and California, each Eligible Class Member shall receive one and a half (1.5) settlement shares.

      ii.    The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine each Eligible Class Member's Settlement Award.

All settlement payments to Eligible Class Members shall be paid via IRS Form 1099s, except for those Eligible Class Members who were characterized during the Class Period only as W-2 employees. For these individuals, 50% of their settlement payment shall be characterized as wages and recorded via W-2 and 50% shall be characterized as a Form 1099 payment.

All settlement checks issued to Eligible Class Members will remain negotiable for 180 days from the date they are issued. In the event that there any remaining funds as a result of uncashed settlement checks that are not deposited or cashed within the 180 day period, such funds shall be sent to a *cy pres* recipient (non-profit organization) approved by the Court, INSERT NAME.

It is your responsibility to keep your current address on file with Class Counsel to ensure receipt of your Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.

| 5. | What Claims Does The Settlement Release? |
|---|---|

Upon the Effective Date, Plaintiffs and all Eligible Class Members shall release and discharge Optimum and its present, former and future parent companies, subsidiaries, and affiliates, and its past, present and future shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, and each of them, from any and all wage and hour claims, as well as all unpaid

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

overtime allegations and causes of action asserted, or that could have been asserted in Plaintiffs' Amended Complaint based upon the facts asserted, for work performed for Optimum during the Class Period, including claims under the Fair Labor Standards Act, claims for liquidated or other damages, unpaid costs, restitution, or other compensation or relief arising under any state law, state wage law, state wage payment law, state minimum wage law, local law, local wage law, local wage payment law, local minimum wage law, and any other wage payment or wage and hour law, or state common law claims (including unjust enrichment or quantum meruit) that arose during the Class Period. In addition, all Settlement Class Members who performed work for Optimum in the Covered States shall release all wage and hour and unpaid overtime claims arising out of state wage and hour statutes and all other state law claims that are or could have been asserted in the Amended Complaint under the laws of the Covered States.

Settlement Class Members who possess corporate or similar entities that performed consulting work for Optimum during the Class Period shall also release the Settlement Class Members' Released Claims on behalf of the corporate or other entity, and all of its current and former principals, officers, directors, owners, employees, and anyone else acting or working on behalf of the entity.

## 6.    What Are My Rights?

- **Submit A Claim Form**: If you are a Settlement Class Member and you submit a valid Claim Form, you will receive a Settlement Award if the Court grants final approval of the Settlement Agreement. You will also be bound by the release of claims in the Settlement. If you already joined the case by filing an Opt-In Consent Form, you do not need to do anything else to receive your Settlement Award.

- **Do Nothing**: If you are a Settlement Class Member and you do not return a Claim Form and have not already filed an Opt-In Consent Form, then you will not receive a Settlement Award and you will not release any claims unless you performed work for Optimum in Pennsylvania, New York, Massachusetts, California, Connecticut, Illinois, North Carolina, Washington, and New Jersey, in which case you will release all wage and hour and unpaid overtime claims arising out of state wage and hour statutes and all other state law claims that are or could have been asserted in the Amended Complaint under the laws of these states, with respect to work performed for Optimum during the Class Period in these states. You will not, however, release any claims under the federal Fair Labor Standards Act.

- **Requests for Exclusion**: If you are a member of the Settlement Class and do not wish to be bound by the Settlement at all, you must mail to Class Counsel using the contact information in Section 3 above, a written request for exclusion (*i.e.*, opt-out request) indicating that you do not wish to participate or be bound by the Settlement. The written request for exclusion must contain your full name, address, telephone number, email address, and last four digits of your social security number, and must be signed individually by you. No opt-out request may be made on behalf of a group. Any written request for exclusion must be postmarked by INSERT DATE to be valid. Any Settlement Class Member who requests exclusion will not receive any Settlement Award, will not be

5

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

bound by the Settlement Agreement, and has no right to object, appeal or comment thereon.

- **Objections**: If you are a member of the Settlement Class and wish to object to the Settlement, you must mail to Class Counsel using the contact information in Section 3 above, a written statement objecting to the Settlement. Any objection must be postmarked by INSERT DATE to be valid.  Your objection must be signed personally by you, and must include your name, address, telephone number, email address, the factual and legal grounds for the objection, and whether you intend to appear at the Final Approval Hearing. No Settlement Class Member is entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served on Class Counsel and Defendant's Counsel at least two weeks before the Final Approval Hearing. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

| 7. | Can Optimum Retaliate Against Me for Participating in this Settlement? |
|----|----|

No. Optimum has agreed that it will not take any adverse or retaliatory action against any Settlement Class Member on the grounds that he or she is eligible to participate or does participate in the Settlement in any way, and shall not discourage any Settlement Class Member from participating. It is unlawful for Optimum to take any adverse action against you as a result of your participation in this litigation or this Settlement.

| 8. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |
|----|----|

Plaintiffs and the Settlement Class Members are represented by the following attorneys:

Shanon J. Carson
Sarah R. Schalman-Bergen
Eric Lechtzin
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: optimum@bm.net

Harold Lichten
Olena Savytska
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Email: hlichten@llrlaw.com

David M. Blanchard
**BLANCHARD & WALKER, PLLC**
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
Email: blanchard@bwlawonline.com

6

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

**9.    How Will the Attorneys for the Settlement Class Be Paid?**

The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount of $4,900,000.00 (*i.e.*, $1,633,333.33 to be shared by all three firms above) plus their out-of-pocket costs, which are presently $_____, all subject to the approval of the Court. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court, which shall be heard by the Court at the Final Approval Hearing.

Pursuant to the Settlement Agreement, each of the four Named Plaintiffs shall receive a service award of up to $7,500 for their efforts in bringing and prosecuting this matter on behalf of the Settlement Class, which amount is also subject to the Court's approval.

**10.   Where can I get more information?**

If you have questions about the Settlement Agreement, this Notice of Settlement, or the Claim Form, please contact Class Counsel. This Notice of Settlement is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is publicly accessible and on file with the Court.

**PLEASE DO NOT CONTACT THE COURT.**

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

# EXHIBIT B

DocuSign Envelope ID: 4F9EAF25-0A9B-424D-8E2B-C277256053A6

## CLAIM FORM

*Arrington, et al. v. Optimum Healthcare IT, LLC*, No. 2:17-cv-03950-RBS (E.D. Pa.)

**COMPLETE AND RETURN THIS FORM TO CLASS COUNSEL AT:**
Attn: Optimum Overtime Settlement
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: optimum@bm.net

### CLAIMANT INFORMATION

**Name:** _____

**Mailing Address:** _____

_____

_____

**Telephone No.:** _____

**Email Address:** _____

**Last 4 Digits of Social Security No.:** _____

**TO RECEIVE A SETTLEMENT AWARD IN THIS SETTLEMENT, YOU MUST SIGN AND RETURN THIS CLAIM FORM SO THAT IT IS POSTMARKED OR RETURNED BY _____, 2018.**

If your address changes, you must send Class Counsel your new address. It is your responsibility to keep your address on file and up-to-date with Class Counsel so that you can be sure to receive your Settlement Award.

By signing below, I certify that I hereby consent and agree to be bound by the collective and class action settlement in the above-referenced litigation.

Dated: _____          _____
                                Signature

                                _____
                                Print Name